MARCIA P. PIERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41188. Promulgated February 26, 1954.

*Francis X. McCormick, Esq.*, for the petitioner.
*Norman A. Peil, Jr., Esq.*, for the respondent.

OPINION.

Rice, *Judge:* Petitioner argues that $1,100 of the total sum of $2,100, which she received from the Arthur N. Pierson Corporation in 1948, is not taxable to her as alimony income because it represented a gift from the company. This is true, she says, because the company was not reimbursed by her former husband nor could it deduct such amount from his salary, since it was then inactive.

We think this argument is totally without merit. Petitioner received and accepted such sum from the corporation in satisfaction of her husband's obligation for support and maintenance under the divorce decree just as she had received and accepted similar payments from it in 1945, 1946, 1947, and 1948. It is of no concern to her or to us in this proceeding whether her former husband repaid the company. She and the Commissioner are the parties here. She accepted the $1,100 in satisfaction of her former husband's obligation to her, and that sum is taxable to her as alimony income under section 22 (k) of the Code. See *Luckenbach* v. *Pedrick*, (S. D., N. Y., 1953) 116 F. Supp. 268.

Petitioner has failed to show reasonable cause for failure to file a return for the year 1948; and we, therefore, uphold the respondent's imposition of a 25 per cent penalty under section 291 (a) of the Code.

*Decision will be entered under Rule 50.*